## UNITED STATES BANKRUPTCY COURT
### District of Maine

In re: Randall D. Richards,

      Debtor.

Case No. 16-20571
Chapter: 7

### ORDER ENLARGING TIME TO FILE REAFFIRMATION AGREEMENTS

The debtor filed a chapter 7 petition on October 6, 2016. With his petition, the debtor filed a Statement of Intention (Official Form 108), indicating that he intended to retain certain real property and to enter into reaffirmation agreements with Northeast Bank, which holds certain debts secured by that property.

On the day after the petition was filed, the first meeting of creditors was scheduled to take place on November 4, 2016. Under Fed. R. Bankr. P. 4008(a), any reaffirmation agreements must be filed no later than sixty days after the first date set for the meeting of creditors. Thus, in this case, the original deadline for filing the reaffirmation agreements with Northeast Bank was January 3, 2017.

The reaffirmation agreements were not timely filed and the debtor did not ask for the deadline to be extended until after it had expired. On January 4, the debtor filed a motion to extend the deadline, explaining that he had first requested the reaffirmation agreements from Northeast Bank on November 30, 2016. The motion contains no explanation of why the debtor delayed nearly two months (that is, from October 6 to November 30) before asking the creditor to enter into reaffirmation agreements.

The Court expects diligent efforts by counsel in the pursuit of debtors' objectives within the timeframes contemplated by the Federal Rules of Bankruptcy Procedure. When a debtor desires to enter into a reaffirmation agreement and that desire is known to counsel on (or even before) the petition date, the best practice is to start the reaffirmation process simultaneously

with the filing of the petition.  That might involve sending a request to the creditor on, or very shortly after, the petition date.  There will be instances where the process of seeking, negotiating, and executing a reaffirmation agreement will not be completed within the sixty-day period prescribed by Rule 4008(a).  In those instances, debtors can ask for the deadline to be extended.  But, extensions should only be sought (and will likely only be granted in future) upon a showing of reasonable diligence.  Waiting nearly two months after the petition date to start a process that frequently takes some amount of time is not reasonable diligence.

In this case, the Court will exercise its discretion under Rule 4008(a) and grant the debtor's motion, but it may not do so in future unless the debtor's counsel is able to make a showing of diligent efforts to obtain any reaffirmation agreements in a timely manner.  For now, however, it is HEREBY ORDERED that the Motion to Enlarge Time to File Reaffirmation Agreements [Dkt. No. 7] is GRANTED.  The debtor shall have an additional twenty-eight (28) days, to and including, January 31, 2017, to file Reaffirmation Agreements between debtor and Northeast Bank.

This Order will become final in fourteen (14) days unless a party-in-interest sooner objects, in which case the matter will be set for hearing and considered by the Court as if this Order had not been entered.

Dated: January 9, 2017

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine